

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

May 19, 1953

Hon. W. P. Herms, Jr.          Opinion No. S-43
County Auditor
Waller County                  Re: Several questions relating
Hempstead, Texas                   to the amount of securities
                                   which must be pledged by
Dear Sir:                          the county depository.

You have requested an opinion on the following questions:

"1. The county depository should pledge obligations (presuming such is their choice to secure county funds) in what amount?

"2. May this amount of depository security vary from month to month or from quarter to quarter to conform to the revised daily balances?

"3. If your anser is <u>yes</u> to No. 2 above, then under the facts, what is the minimum amount of funds for which security should be required?

"4. In view of the fact that for short periods during the year, funds from maturing Treasury Bills will actually be on deposit in the depository, does the investment of a sizable portion of County Funds in such bills in any way affect this matter?"

Article 2547, Vernon's Civil Statutes, provides three methods for qualifying as a county depository, and states in part as follows:

"Within fifteen (15) days after the selection of such depository, it shall be the duty of the banking corporation, association or individual banker so selected, to qualify as county depository in one or

more of the following ways, at the option
of the Commissioners' Court:

"(a) By executing and filing with the
Commissioners' Court, a bond or bonds . . .
said bond to be signed by not less than five
(5) solvent sureties. . . said bond or bonds
to be in an amount equal to the estimated
highest daily balance of such county, as
determined by the Commissioners' Court, such
estimated daily balance to be in no event
less than seventy-five (75%) per cent of
the highest daily balance of said county for
the next preceding year, less the amount of
bond funds received and expended; provided,
however, in the event that county funds
derived from the sale of county securities
during the term of such bond are deposited,
such Commissioners' Court shall require
additional bond and/or bonds, and/or pledge
of securities equal to the amount of such
additional county funds. . .

"(b) By having issued and executed by
some solvent surety company or companies
authorized to do business in the State of
Texas, such bond or bonds, as provided by
law, to be in the amount and payable as pro-
vided in subdivision (a) hereinabove, which
said surety bond shall be approved by both
the Commissioners' Court and the Comptroller,
and filed in the office of the County Clerk
of said county. . .

"(c) In lieu of such personal bonds or
surety bonds as above specified, said banking
corporation, association or individual banker
so selected as county depository, may pledge,
and said depository bank is authorized to
pledge with the Commissioners' Court for the
purpose of securing such county funds, se-
curities of the following kind, in an amount
equal to the amount of such county funds on
deposit in said depository bank. . ."

If the method under subsection (a) or (b) as above stated is followed the securities, as a minimum, must be "75% of the highest daily balance of said county for the next preceding year less the amount of bond funds received and expended." However, an amount equal to the estimated highest daily balance of such county must be maintained at all times.

If subsection (c) above stated is followed, securities pledged are to be in an amount equal to the amount of county funds on deposit.

In regard to your last three question, the second paragraph of subsection (c), Article 2547, Vernon's Civil Statutes, states in part:

"When the securities pledged by a depository bank to secure county funds shall be in excess of the amount required under the provisions of this Article, the Commissioners' Court shall permit the release of such excess; and when the county funds deposited with said depository bank shall for any reason, increase beyond the amount of securities pledged, said depository bank shall immediately pledge additional securities with the Commissioners' Court so that the securities pledged shall at no time be less than the total amount of county funds on deposit in said depository bank. . ."

As provided in this section depository securities may vary from time to time to conform to revised daily balances. Security is required for all funds deposited regardless of the amount of the fund.

If the county funds in the depository are increased, beyond amount of securities pledged, from funds from maturing Treasury bills or any other source, the depository bank shall immediately pledge additional securities with Commissioners' Court as provided above. If the county funds are decreased in size from investment in Treasury bills or any other investment, the Commissioners' Court shall permit the release of securities in excess of the amount required under Article 2547, Vernon's Civil Statutes.

## SUMMARY

County depository must pledge securities or obligations in an amount equal to the amount of such county funds on deposit. The amount of depository securities may vary during the year. Securities are required for all funds deposited. If county funds in depository increase beyond security the depository shall immediately pledge additional security. If the amount of money in the county depository is decreased, the Commissioners' Court shall permit the release of securities in excess of the amount required under Article 2547, Vernon's Civil Statutes.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

By Sam C. Ratliff
Sam C. Ratliff
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

SCR:am